IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE D. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 1:16-cv-559-CG-C |
| ) | |
| ELAINE KENNEDY PINKNEY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on the motion to dismiss and memorandum in support of the motion to dismiss filed by Defendant Elaine Kennedy Pinkney, (Docs. 5 & 6), and Plaintiff Lawrence D. King's response in opposition to the motion to dismiss, (Doc. 12). Upon consideration of the foregoing pleadings,[1] the Magistrate Judge recommends that the Court **GRANT** Defendant Pinkney's motion to dismiss, (Doc. 5).

## FINDINGS OF FACT

Plaintiff King resided at 464 Driver Street, Mobile, Alabama, (the "Home") with his sister, Shelia D. Tribbit, and his mother, Marva Lee King, (Doc. 1, ¶¶ 1 & 4). At all relevant times, Defendant Pinkney was the owner of the Home, and Marva Lee King rented the Home from Defendant Pinkney. (Doc. 1, ¶¶ 12-13).

A 30,000 BTU space heater, upon which was a label that read "DO NOT INSTALL IN BEDROOM OR BATHROOM," was installed in a bedroom at the Home. (Doc. 1, ¶¶ 1-2). The Home was outfitted with poorly or defectively ventilated pieces of

---

[1] This matter was set on March 23, 2017, for oral argument, (Doc. 11), on Defendant Pinkney's motion to dismiss, (Doc. 5), at which counsel for Defendant Pinkney appeared and Plaintiff King did not appear.

equipment that included a space heater that was installed in a bathroom, a 35,000 BTU hot water heater, and a cooking range, all of which contributed to "carbon monoxide toxicity." (Doc. 1, ¶ 3). The poor ventilation of the aforementioned pieces of equipment led to the permanent disability of Shelia D. Tribbit, the death of Marva Lee King, and an unknown prognosis as to Plaintiff King due to long-term exposure to carbon monoxide. (Doc. 1, ¶¶ 4, 7, & 8).

On January 30, 2011, Shelia D. Tribbit drove away from the Home to a golf course where she attempted suicide with a firearm. (Doc. 1, ¶ 16). The bullet from the suicide attempt remains lodged in Shelia D. Tribbit's head, she had to relearn how to walk, she walks with a crutch, she takes anti-seizure medication, and she is permanently disabled. (Doc. 1, ¶ 16).

Marva Lee King's bedroom had an unvented space heater installed in it, and she suffered from abdominal pain that would subside when she exited the Home. (Doc. 1, ¶ 15). Marva Lee King went to a doctor appointment on November 7, 2014, at which she was scheduled for a diagnostic test on November 11, 2014. (Doc. 1, ¶¶ 14-15). Marva Lee King committed suicide on November 10, 2014.

Defendant Pinkney hired a home inspector, Doug Johnson, from Inspect Mobile, LLC, to inspect the Home, which occurred on March 16, 2015. (Doc. 1, ¶ 19). During the inspection, Mr. Johnson changed the batteries in the smoke detector and the carbon monoxide detector, and when Mr. Johnson attended to a space heater, he made the comment, "This is a death trap." (Doc. 1, ¶ 19). A home inspection report was prepared by Mr. Johnson, and said report is in the possession of Defendant Pinkney. (Doc. 1, ¶ 19).

**PROCEDURAL BACKGROUND**

Plaintiff King filed *pro se* his Complaint, (Doc. 1), with the Court on November 10, 2016, in which he mistakenly indicated jurisdiction based on a federal question, (Doc. 1-1), rather than diversity jurisdiction, which he alleges in his Complaint, (*see* Doc 1, ¶ 2). Plaintiff King alleges claims on behalf of his mother, Marva Lee King, and his sister, Shelia D. Tribbitt, and for personal injury. (Doc. 1, ¶ 2). Defendant Pinkney was served by certified mail on January 26, 2017. (Doc. 4). On February 13, 2017, Defendant Pinkney filed her Motion to Dismiss, (Doc. 5). On February 14, 2017, the Court entered its Preliminary Scheduling Order, (Doc. 8), that set certain preliminary deadlines. On February 23, 2017, the Court entered a submission Order for Defendant Pinkney's Motion to Dismiss, and set the matter for oral argument on March 23, 2017. (Doc. 9). On February 24, 2017, Defendant Pinkney filed her Motion to Stay and Suspend Deadlines in which she motioned the Court to suspend the deadlines set forth in the Court's Preliminary Scheduling Order and discovery in general until the Court ruled on her Motion to Dismiss. (Doc. 10). The Court granted Defendant Pinkney's Motion to Stay and Suspend Deadlines on March 2, 2017. (Doc. 11). Plaintiff King filed his response to Defendant Pinkney's Motion to Dismiss on March 10, 2017, (Doc. 12), and Defendant Pinkney did not file a reply, (*see* Docket Report). At oral argument on March 23, 2017, counsel for Defendant Pinkney appeared, while Plaintiff King did not.

## STANDARD OF REVIEW

### *Pro Se* Litigants

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannembaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other*

*grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369 (internal citations omitted).

### Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal courts are endowed with "[t]he judicial Power of the United States," U.S. CONST. art. III, § 1, which extends only to "Cases" and "Controversies," U.S. CONST. Art. III, § 2. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Robins*, 136 S. Ct. at 1547. "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* (citations omitted). "[T]he 'irreducible constitutional minimum' of standing consists of three elements. *Robins*, 136 S. Ct. 1540, 1547 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Robins*, 136 S. Ct. 1540, 1547 (citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Robins*, 136 S. Ct. 1540, 1547 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Robins*, 136 S. Ct. 1540, 1547 (quoting *Warth v. Seldin,* 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

"'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1).'" *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S.*, 524 F.3d at 1232 (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S.*, 524 F.3d at 1232 (citing *McElmurray v. Consol. Gov't of August-Richmond Cty.*, 501 F.3d 1244, 1250 (11th Cir. 2007)). "'A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Stalley ex rel. U.S.*, 524 F.3d at 1232-33 (quoting *McElmurray*, 501 F.3d at 1251). "By contrast a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex rel. U.S.*, 524 F.3d at 1233 (quoting *McElmurray*, 501 F.3d at 1251). "When defending a facial attack, the plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised,' and 'the court must consider the allegation in the plaintiff's complaint as true.'" *Stalley ex rel. U.S.*, 524 F.3d at 1233 (quoting *McElmurray*, 501 F.3d at 1251).

## **CONCLUSIONS OF LAW**

In Defendant Pinkney's motion to dismiss, she argues Plaintiff King does not have standing to bring his claims on behalf of his mother and sister, and, therefore, the Court does not have jurisdiction over Plaintiff King's claims. (Doc. 6, at 2-4). Specifically, as to the claims Plaintiff King brings on behalf of his mother, Defendant Pinkney argues he is not the personal representative of his mother's estate and does not

have standing according to Alabama's wrongful death statute, (Doc. 6, at 5-8); even if Plaintiff King were appointed as personal representative of his mother's estate, he could not bring claims on behalf of the estate because he is not a lawyer, (Doc. 6, at 8-9); and Plaintiff King's wrongful death claim has expired and cannot relate back if he is properly appointed as a personal representative of his mother's estate, (Doc. 6, at 9-12). As to the claims Plaintiff King brings on behalf of his sister, Defendant Pinkney argues he does not have third-party standing. (Doc. 6, at 12). Accordingly, Defendant Pinkney asks the Court to dismiss with prejudice Plaintiff King's claims pursuant to Fed. R. Civ. P. 12(b)(1), 12(h)(3), and 12(b)(6). (Doc. 6, at 14-15).

## Wrongful Death of Marva Lee King

The Alabama Wrongful Death Act, ALA. CODE § 6-5-410, *et seq*, is the only mechanism by which a deceased's claims survive. *See Estate of Rowell v. Walker Baptist Med. Ctr.*, 290 F.R.D. 549, 561 (N.D. Ala. 2013) ("'Alabama's wrongful death statute is the only mechanism through which either of [plaintiffs'] claims survives . . . .'"). "[A] wrongful-death action in Alabama brought pursuant to § 6-5-410, ALA. CODE 1975, is a cause of action unknown at common law, is purely statutory and [the] Court's role is to strictly enforce the wrongful-death statute as written, and intended, by the legislature.'" *Northstar Anesthesia of Ala., LLC v. Noble,* No. 1141158, 1141166, and 1141168, 2016 WL 3654755, at *3 (Ala. July 8, 2016) (quoting *Alvarado v. Estate of Kidd*, 205 So. 3d 1188, 1192 (Ala. 2016) (Bolin, J., concurring specially)); *see also Waters v. Hipp,* 600 So.2d 981, 982 (Ala. 1992) ("A wrongful death action is purely statutory; no such action existed at common law."). A wrongful death action may be brought by the personal representative of the decedent's estate. ALA. CODE § 6-5-410(a). "A 'personal representative,' for the purposes of § 6-5-410, is an executor or an administrator." *Waters*, 600 So. 2d at 982 (citing *Hatas v. Partin*, 175 So. 2d 759 (Ala. 1965)). "One who

sues under [§ 6-5-410] without having been appointed executor or administrator does not qualify under this section as a personal representative, and the suit is a nullity." *Waters*, 600 So. 2d at 982 (citing *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465 (Ala. 1979), *cert. denied*, 445 U.S. 930, 100 S. Ct. 1318, 63 L. Ed. 2d. 763 (1980)); *see also Brown v. Mounger*, 541 So. 2d 463, 464 (Ala. 1989) (holding that plaintiffs who were not appointed as personal representatives at the time of filing their complaint were barred from bringing a wrongful death action).

Alabama's wrongful death statute mandates two express conditions precedent that must be met before a court can entertain a cause of action pursuant to this statute of creation. First, only "a personal representative may commence an action . . . for the wrongful act, omission, or negligence of any person, persons, or corporation, his or her or their servants or agents, whereby the death of the testator or intestate was caused." ALA. CODE § 6-5-410(a). Second, "[t]he action must be commenced within two years from and after the death of the testator or intestate." ALA. CODE § 6-5-410(d).

The *pro se* complaint in this case was filed on November 10, 2016, (*see* Docket Report), by Plaintiff King in his personal capacity seeking damages for the death of Marva Lee King, his mother (Doc. 1, ¶¶ 10, 22, & 23). Therefore, no action was commenced by a personal representative pursuant to § 6-5-410(a), Plaintiff King is without standing to pursue his claims for the death of his mother, and the Court is without subject matter jurisdiction. *See Noble,* 2016 WL 3654755, at **5-**6; *Wood,* 47 So. 3d at 1218-19. Based on the foregoing and pursuant to Rule 12(b)(1), this Court recommends Defendant Pinkney's motion to dismiss be granted as to Plaintiff King's wrongful death claims on behalf of his mother, Marva Lee King, and dismissed without prejudice. Since the Court has determined it is without subject matter

jurisdiction over Plaintiff King's claims on behalf of his mother, the Court will not address Defendant Pinkney's remaining arguments as to those claims.

### Injury to Shelia D. Tribbitt.

"[A] third party does not have standing to challenge injury to another party." *Miccosukee Tribe of Indians of Fla. v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1230 (11th Cir. 2000) (citing *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975)). "[A] 'plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 984 (11th Cir. 2005) (quoting *Warth,* 422 U.S. at 499, 95 S. Ct. at 2205 (1975)); *see also McFarland v. Folsom,* 854 F. Supp. 862, 870 (M.D. Ala. 1994) ("[A litigant] does not have standing to assert [a] demand for relief on behalf of third parties who are not before the court."). "The Article III judicial power exists only to redress or otherwise to protect against injury to the complaining party . . . . A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action . . . ."'" *Bochese*, 405 F.3d at 984 (quoting *Warth*, 422 U.S. at 499, 95 S. Ct. 2197 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973))).

Plaintiff King lacks standing to bring suit on behalf of his sister, Shelia D. Tribbitt, for injuries she suffered due to an attempted suicide. *See Miccosukee Tribe of Indians of Fla.*, 226 F.3d at 1230. Based on the foregoing and pursuant to Rule 12(b)(1), this Court recommends Defendant Pinkney's motion to dismiss be granted and Plaintiff King's claims on behalf of his sister, Shelia D. Tribbitt, be dismissed without prejudice.

### CONCLUSION

Accordingly, the Magistrate Judge **RECOMMENDS** Defendant Pinkney's motion to dismiss, (Doc. 5), should be **GRANTED IN PART** as to the claims he brings on behalf of his mother, Marva Lee King, and his sister, Shelia D. Tribbitt, and those claims be **DISMISSED WITHOUT PREJUDICE**, and this matter should remain pending as to Plaintiff King's personal injury claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 20th day of April 2017.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE