## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LAWRENCE D. KING,                           :

    Plaintiff,                           :

vs.                                         :          CASE NO.: 1:16-cv-559-CG-C

ELAINE KENNEDY PINKNEY,                     :

    Defendant.                           :

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Defendant Elaine Kennedy Pinkney's Motion to Dismiss Amended Complaint, (Doc. 26), and Memorandum in Support of Motion to Dismiss Amended Complaint, (Doc. 27), (collectively, "motion to dismiss") and Plaintiff Lawrence D. King's Response to Defendant's Motion to Dismiss, (Doc. 28).  Upon consideration of the foregoing pleadings, the Magistrate Judge recommends the Court **GRANT** Defendant Pinkney's Motion to Dismiss Amended Complaint, (Doc. 26).

## FINDINGS OF FACT

Plaintiff King resided at 464 Driver Street, Mobile, Alabama, (the "Home") with his sister, Shelia D. Tribbit, and his mother, Marva Lee King, (Doc. 25, at 5-6). Marva Lee King rented the Home for more than fifty (50) years from Edith Kennedy, the mother of Defendant Pinkney, who, when her mother died, inherited it and rented it to Marva Lee King.  (Doc. 1, ¶¶ 12-13).

In 2007, a 30,000 BTU space heater, was installed, unvented, by Defendant Pinkney's agent or contractor in a bedroom at the Home. (Doc. 1, ¶¶ 1, 2, & 18; Doc. 25, at 5). On the space heater was a warning label that read:

> Warnings: Improper installation, adjustment, alteration, service or maintenance can cause property damages, personal injury or loss of life. Refer to the Owner's information manual provided with this appliance. Installation and service must be performed by a qualified installer, service agency or gas supplier. When used without fresh air, heater may give off carbon monoxide, an odor-less poisonous gas. Do not install heater until all necessary provisions are made for combustion and ventilation air. In the absence of instructions, refer to the national fuel gas code ANSI Z223.1 Section 5.3. This heater must not be installed in a bedroom or bathroom.

(Doc. 1, ¶ 18). Plaintiff King alleges the negligent installation of the space heater caused him to be treated for symptoms that mimic seasonal carbon monoxide toxicity and experience severe abdominal pain that subsided when he exited the Home. (Doc 1, ¶ 15; Doc. 25, at 5-6).

Defendant Pinkney hired a home inspector, Doug Johnson, from Inspect Mobile, LLC, to inspect the Home, which occurred on March 16, 2015. (Doc. 1, ¶ 19). During the inspection, Mr. Johnson changed the batteries in the smoke detector and the carbon monoxide detector, and when Mr. Johnson attended to the space heater, he made the comment, "This is a death trap." (Doc. 1, ¶ 19).

## PROCEDURAL BACKGROUND

Plaintiff King filed *pro se* his Complaint, with the Court on November 10, 2016, in which he alleged claims on behalf of his mother, Marva Lee King, and his sister, Shelia D. Tribbitt, and for personal injury. (Doc. 1, ¶ 2). Defendant Pinkney was served by certified mail on January 26, 2017. (Doc. 4).

On February 13, 2017, Defendant Pinkney filed her Motion to Dismiss, (Doc. 5). On February 14, 2017, the Court entered its Preliminary Scheduling Order, (Doc. 8), that set certain preliminary deadlines. On February 23, 2017, the Court entered a submission Order for Defendant Pinkney's Motion to Dismiss, and set the matter for oral argument on March 23, 2017. (Doc. 9). On February 24, 2017, Defendant Pinkney filed her Motion to Stay and Suspend Deadlines in which she moved the Court to suspend the deadlines set forth in the Court's Preliminary Scheduling Order and discovery in general until the Court ruled on her Motion to Dismiss. (Doc. 10). The Court granted Defendant Pinkney's Motion to Stay and Suspend Deadlines on March 2, 2017. (Doc. 11). Plaintiff King filed his response to Defendant Pinkney's Motion to Dismiss on March 10, 2017, (Doc. 12), and Defendant Pinkney did not file a reply, (*see* Docket Report). At oral argument on March 23, 2017, counsel for Defendant Pinkney appeared, while Plaintiff King did not.

On April 20, 2017, the undersigned entered his Report and Recommendation in which he recommended Defendant Pinkney's Motion to Dismiss be granted in part as to the claims Plaintiff King brought on behalf of his mother, Marva Lee King, and his sister, Shelia D. Tribbitt, and those claims be dismissed without prejudice, and the matter should remain pending as to his personal injury claims. (Doc. 16). Also on April 20, 2017, the undersigned lifted the stay in this matter and set a scheduling conference on May 24, 2017. (Doc. 17). On May 9, 2017, Plaintiff King filed his Objections to Magistrate Report and Recommendations ("objection"),

(Doc. 19), which was outside the fourteen (14) days from service of the Report and Recommendation within which to file an objection, (*compare* Docs. 16 & 19 *with* Doc. 19).   On May 25, 2017, Senior United States District Judge Callie V.S. Granade overruled Plaintiff King's objection, adopted the undersigned's Report and Recommendation as the opinion of the Court, and ordered Plaintiff King to file on or before June 8, 2017, an amended complaint that set forth his personal claims against Defendant Pinkney.  (Doc. 22).

At the May 24, 2017, hearing, Defendant Pinkney requested permission to file a motion to dismiss Plaintiff King's amended complaint, which was granted by the undersigned, and a submission schedule was entered on May 30, 2017.  (Doc. 23).  On June 6. 2017, Plaintiff King filed his amended complaint, (Doc. 25), and on June 23, 2017, Defendant Pinkney filed her Motion to Dismiss Amended Complaint, (Doc. 26), and Memorandum in Support of Motion to Dismiss Amended Complaint, (Doc. 27).  On June 29, 2017,Plaintiff King filed his Response to Defendant's Motion to Dismiss.  (Doc. 28).

## STANDARD OF REVIEW

### *Pro Se* Litigants

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannembaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled*

*in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369 (internal citations omitted).

### Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*"). Since a Rule 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual

allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. [at] 1955."). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (indicating that, under Rule 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss)). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006), quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for Rule 12(b)(6) purposes.").

## CONCLUSIONS OF LAW

In Defendant Pinkney's motion to dismiss, she argues Plaintiff King fails to properly allege a breach of a duty by her and fails to properly allege he suffered a compensable injury, and his claims are barred by the applicable statute of limitations and waiver.  (Doc. 27, at 6-18).  Accordingly, Defendant Pinkney asks the Court to dismiss Plaintiff King's claims pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (hereinafter styled "FRCP" and followed by the Rule number). (Doc. 27, at 19).

The Court construes Plaintiff King's averments as a claim against Defendant Pinkney for negligence based on her engaging a contractor to install a gas space heater in a bedroom of the Home that was installed unvented, which caused Plaintiff King to experience symptoms of "seasonal carbon monoxide toxicity." Under Alabama law,[1] "[i]n any negligence case, the plaintiff bears the burden of proving the existence of a duty owed by the defendant, a breach of that duty, causation, and damage."  *Glass v. Birmingham S. R.R.*, 905 So. 2d 789, 794 (Ala. 2004).

Defendant Pinkney's second argument is Plaintiff King fails to properly allege he suffered damage that was caused by Defendant Pinkney.  (Doc. 27, at 13). Plaintiff King alleges he suffered seasonal emotional and physical issues due to carbon monoxide toxicity.  (Doc. 25, at 5).  However, Plaintiff King's complaint is

---

[1] "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1139 (11th Cir.2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941)).

deficient under FRCP 8(a)(2).[2]  Plaintiff King's assertion the unvented gas heater caused his alleged injuries is a legal conclusion in regard to an element of his purported negligence claim.  Plaintiff King generally states he had physical injuries and a gas space heater was improperly installed in the Home, but he does not assert additional facts that would allow the Court to "infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950, and offers only conclusory statements.  For instance, Plaintiff King does not assert the operation of the gas heater coincided with the manifestation of his injuries or assert the heater was ever in operation and how he would inhale carbon monoxide if the heater was not in operation.  Such deficiencies in Plaintiff King's pleadings cause the Court to speculate as to how an improperly installed heater caused his alleged physical injuries.  Therefore, Plaintiff King has not shown he is entitled to relief and the Court declines to address Defendant Pinkney's additional arguments for dismissal.

## CONCLUSION

Accordingly, the Magistrate Judge **RECOMMENDS** Defendant Pinkney's Motion to Dismiss Amended Complaint, (Doc. 26), should be **GRANTED** and his claims be **DISMISSED WITHOUT PREJUDICE**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this

---

[2] "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 21st day of November 2017.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**